# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. MCKENZIE, | ) 1:05-cv-01266-OWW-TAG HC |
| Petitioner, | ) |
| v. | ) ORDER DENYING AS MOOT PETITIONER'S MOTION TO AMEND AND SUPPORT CLAIM (Doc. 3) |
| ANDREWS, WARDEN, | ) ORDER DENYING AS MOOT PETITIONER'S MOTION TO ENFORCE LIBERTY INTEREST (Doc. 4) |
| Respondent. | ) ORDER DENYING AS MOOT PETITIONER'S MOTION TO EXPEDITE (Doc. 9) |
| | REPORT AND RECOMMENDATION TO DISMISS AS MOOT THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |

Petitioner is currently a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

On October 5, 2005, Petitioner, then a state prisoner serving a four-year term of incarceration for convictions under California Penal Code § 470(d) (check fraud) and California Penal Code § 459 (probation violation), filed the instant Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). In his Petition, Petitioner raises three claims: (1) violations of his federal constitutional rights in improperly adjudicating a prison disciplinary proceeding, resulting in a "re-calculation" of his proposed parole date from August 8, 2005, to February 5, 2006; (2) violation of his First Amendment rights by prison mail room personnel, who failed to properly "record Petitioner's outgoing legal and/or confidential mail"; and (3) violations of Petitioner's civil rights by prison personnel who allegedly were engaged in "continued vindictiveness and retaliation" against Petitioner.  (Doc. 1, pp. 5-6; Doc. 4, pp. 1-10).

On the same date as the Petition was filed, October 5, 2005, Petitioner filed an Emergency Motion for Court to Enforce Petitioner's Liberty Interest. (Doc. 4). In his Petition, Petitioner incorporates by reference the allegations in the Emergency Motion in his first claim for relief, related to various prison disciplinary proceedings that were adjudicated previously. (Doc. 1, p. 5).[1] Also on October 5, 2005, Petitioner filed a Motion to Amend and Support Claim No. 2 in his pending federal petition. (Doc. 3). That document contains additional information regarding alleged improprieties in the state prison's mail room vis-a-vis the recording of Petitioner's outgoing mail. (Id.).

On March 20, 2006, Petitioner advised the Court that he had been released from custody of the California Department of Corrections and Rehabilitation ("CDCR") to federal authorities, and is now detained by the Bureau of Immigration and Customs Enforcement ("ICE") in a federal facility in El Centro, California. (Doc. 8).

On May 4, 2006, Petitioner filed a Motion to Expedite, seeking an expedited ruling on his Emergency Motion filed October 25, 2005. (Doc. 9, p. 1). Petitioner contends that a determination as to his habeas rights in the contested prison disciplinary proceedings in state prison "is critical and influential to the pending Civil Right's Complaint, case no: CV F 05-0045 AWI WMW P, currently pending in this honorable court." (Id.). Petitioner further alleges that the Magistrate Judge and District Judge assigned to that case have "iterated that the validity of the contested CDC-115 of Sept. 26, 2004 must be adjudicated prior to bringing the said matter on the civil rights complaint." (Id. at p. 2).[2]

---

[1] Ground One in the petition fails to allege any grounds for habeas relief within the petition itself. Instead, Petitioner's Ground One refers the Court to his Motion To Enforce Liberty Interest (Doc. 4), filed on the same date as the petition, which expands on the legal and factual bases for Ground One. (Doc. 1, p. 5). Thus, as discussed infra, in addressing the Motion to Enforce Liberty Interest qua motion, the Court must necessarily address in some fashion Petitioner's Ground One in the petition.

[2] On June 21, 2006, subsequent to the filing of Petitioner's Motion to Expedite, the Magistrate Judge in United States District Court, Eastern District of California case no. 1:05-cv-00045-AWI-WMW, issued Findings and Recommendations recommending that Petitioner's civil rights case be dismissed for failure to state a claim because his complaint did not allege that his conviction in the prison disciplinary proceedings had been invalidated. (Doc. 18, p. 2). On

**DISCUSSION**

A. <u>Petitioner's Claims Should Be Dismissed.</u>

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases. The Court's preliminary review of the instant petition indicates that Grounds One, Two, and Three are moot; additionally, Grounds Two and Three are not within the purview of the Court's habeas jurisdiction, but should instead have been filed as civil rights claims.

    1. <u>Ground One.</u>

Ground One in the Petition for writ of habeas corpus is moot because Petitioner is challenging the postponement of parole date on a sentence for which Petitioner is not presently incarcerated.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" <u>Maleng v. Cook</u>, 490 U.S. 488, 490, 109 S.Ct. 1923 (1989) (per curiam) (<u>quoting</u> 28 U.S.C. § 2241(c)(3)) (emphasis in original); <u>see</u> 28 U.S.C. § 2254(a). A habeas petitioner must be in custody "at the time his petition is filed," or the court is without jurisdiction to hear his petition. <u>Maleng</u>, 490 U.S. at 490.

The Supreme Court of the United States has not taken a literal view of the "in custody" requirement, observing that "besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." <u>Jones v. Cunningham</u>,

---

August 28, 2006, the District Judge adopted the Findings and Recommendations, dismissed the action for failure to state a claim, and closed the case. (Doc. 19). Accordingly, the basis for the Motion to Expedite, i.e., the pendency of Petitioner's civil rights claim, no longer exists.

1  371 U.S. 236, 240, 83 S.Ct. 373 (1963) (holding that persons released from incarceration on
2  parole are "in custody" under 28 U.S.C. § 2241); see also Gordon v. Duran, 895 F.2d 610, 612
3  (9th Cir. 1990).  Thus, if the petition were filed while Petitioner was "in custody," Petitioner's
4  subsequent release would not necessarily deprive the court of subject matter jurisdiction nor
5  would it render the petition moot.  Carafas v. La Valle, 391 U.S. 234, 238, 88 S. Ct. 1556 (1968).

6  　　　An action is moot "when the issues presented are no longer 'live' or the parties lack a
7  legally cognizable interest in the outcome." Leonard v. Hammond, 804 F.2d 838, 842 (4th
8  Cir.1986) (citations and internal quotations omitted).  The sole remedy in habeas corpus review
9  of state court convictions is the invalidation of the conviction that placed the petitioner in
10 custody.  "Nullification of a conviction may have important benefits for a defendant,...but urging
11 in a habeas proceeding the correction of a sentence already served is another matter." North
12 Carolina v. Rice, 404 U.S. 244, 92 S.Ct. 402 (1971).  As the Supreme Court noted, "[c]ollateral
13 review of a final judgment is not an endeavor to be undertaken lightly.  It is not warranted absent
14 a showing that the complainant suffers actual harm from the judgment that he seeks to avoid."
15 Lane v. Williams, 455 U.S. 624, 632, 102 S.Ct. 1322 (1982).

16 　　　Here, Petitioner's own allegations indicate that he was originally scheduled to be paroled
17 on August 8, 2005, but that CDCR "recalculated" his release date to February 5, 2006.  As
18 discussed previously, Petitioner was released from CDCR custody to ICE custody on or before
19 March 20, 2006, when he notified the Court that he had already been transferred to federal
20 custody.

21 　　　Accordingly, it appears that as of at least March 20, 2006, Petitioner had completed his
22 sentence on the prior state convictions.  Thus, no active case or controversy exists with regard to
23 that sentence.  See Nonette v. Small, 316 F.3d 872, 876 (9th Cir. 2002) (habeas claim regarding
24 loss of good-time credits at prison disciplinary hearing is moot and must be dismissed as lacking
25 case or controversy because petitioner had already fully served the period of incarceration he is
26 attacking).  Accordingly, any habeas claim based upon the allegedly erroneous execution of that
27 earlier sentence is moot.
28 ///

1       Ground One is also moot because the Court cannot grant Petitioner any relief.
2 Picron-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991)(a claim is moot when the court no
3 longer has power to grant the requested relief); see also Sample v. Johnson, 771 F.2d 1335, 1338,
4 (9th Cir. 1985) (a case is moot when the issues are no longer live or the parties no longer have a
5 legally cognizable interest in the outcome, and when a court's decision will no longer have an
6 impact).  Since Petitioner is no longer in CDCR custody and is no longer serving time for the
7 prior state conviction, the execution of which he challenges in this petition, and since he does not
8 seek the overturning of his prior convictions, the Court cannot grant Petitioner any relief on this
9 claim.  Hence, for this reason as well, Ground One is moot.

10               2. Ground Two.

11      As discussed, a federal court may only grant a petition for writ of habeas corpus if the
12 petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C.
13 § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality
14 or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting
15 Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the
16 Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C.
17 § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
18 McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d
19 at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
20      In Ground Two, Petitioner contends that state prison personnel violated various CDCR
21 policies, thereby violating Petitioner's constitutional rights under the First Amendment, by
22 failing to properly record his mail and by interfering with his confidential legal mail.  This
23 allegation challenges a condition of confinement, not the fact of confinement, and therefore is a
24 claim properly brought under 42 U.S.C. § 1983, not under 18 U.S.C. § 2254.  McCarthy, 500
25 U.S. at 141-142.
26      Moreover, even assuming, arguendo, that the claim could be construed as attacking the
27 fact of confinement, it is now moot since Petitioner is no longer in custody of CDCR and his
28 mail is no longer subject to the CDCR procedures which Petitioner claims were violated.

Hence, even if this Court had habeas jurisdiction to decide this issue, it no longer has any power to provide Petitioner a remedy.  Thus, the issue is moot.

### 3. Ground Three.

In this claim, Petitioner asserts that various CDCR personnel violated his constitutional rights through a variety of actions during his incarceration in state prison.  As with Ground Two, Ground Three challenges the conditions of Petitioner's state confinement, not the fact of his state confinement, and therefore is properly raised as a civil rights claim under § 1983, not as a habeas claim under § 2254.  And, as with Ground Two, even if this Court had jurisdiction to resolve the matter under federal habeas law, the issue would be moot since Petitioner is no longer in state custody and therefore the Court could not afford Petitioner a habeas remedy.  Any monetary remedy for misconduct of persons acting under color of state law must be pursued under the civil rights provisions of 42 U.S.C. § 1983.

Because each of the three claims in the instant petition are moot, the Court will recommend that the instant Petition be dismissed.

### B. Petitioner's Motion to Amend Ground Two.

Petitioner has filed a Motion to Amend and Support Claim No. 2 to include additional evidence and information regarding the practices of the CDCR as they relate to Petitioner's mail.  (Doc. 3).  In light of the Court's recommendation that Ground Two is moot and is not a viable ground for habeas relief, the Motion itself is moot and must be denied.

### C. Petitioner's Motion to Enforce Petitioner's Liberty Interest.

Petitioner has also filed an Emergency Motion to Enforce Petitioner's Liberty Interest.  (Doc. 4).  This Emergency Motion is best understood as a supplemental argument to Ground One in the Petition.  Indeed, Petitioner expressly incorporates this Motion by reference in Ground One of his Petition, which otherwise contains no independent allegations whatsoever.  Because the Court is recommending that Ground One be dismissed as moot, no need exists to supplement Ground One with additional facts and legal arguments, and therefore the Court will deny Petitioner's Emergency Motion to Enforce Petitioner's Liberty Interest as moot.

///

D.  Petitioner's Motion to Expedite.

Finally, Petitioner has filed a Motion to Expedite Pending Emergency Motion.  (Doc. 9). In this Motion, Petitioner seeks to expedite the resolution of his habeas petition on the grounds that its resolution is required in order for Petitioner to proceed with his civil rights case in case no. 1:05-cv-00045-AWI-WMW.  However, as noted previously, that civil rights case has been dismissed by the Court for failure to state a claim.  Thus, no "emergency" exists on which to expedite the resolution of the instant petition.

However, in reviewing the above motions, it was necessary for the Court to address Petitioner's underlying claims.  Thus, effectively, the Court has done what Petitioner has requested, i.e., provide a timely resolution to his habeas claims in order for him to proceed with his civil rights case.  Therefore, the Court will also deny Petitioner's Motion to Expedite as moot.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Petitioner's Motion to Amend and Support Claim No. 2 (Doc. 3), is DENIED as MOOT;

2. Petitioner's Motion to Enforce Petitioner's Liberty Interest (Doc. 4), is DENIED as MOOT; and,

3. Petitioner's Motion to Expedite Pending Emergency Motion is DENIED (Doc. 9), as MOOT.

**RECOMMENDATION**

The Court RECOMMENDS that the instant Petition (Doc. 1), be DISMISSED for MOOTNESS and for failure to state a claim for which habeas relief may be granted.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies

to the Objections shall be served and filed within ten <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **September 7, 2006**               /s/ **Theresa A. Goldner**
**j6eb3d**                         UNITED STATES MAGISTRATE JUDGE